## MARK BEAUBIEN, appellant v. JOHN M. BARBOUR, appellee.

### *Appeal from Cook.*

Where a writ is tested in the name of a person who was not, at the date of the test, judge of the court, the objection can be taken advantage of only by motion in the court from which the process issued. The mistake cannot be assigned for error in this Court.

The act of July, 1837, provides for the cases of irregular tests of writs, and legalizes them.

THIS was an action commenced in the Cook Circuit Court, by John M. Barbour against Mark Beaubien. The summons was dated on the 23d day of March, 1837,(1) and tested in the name of Thomas Ford, as judge of said Court. The summons was duly executed and returned. At the May Term of said Court, 1837, Beaubien failing to appear, judgment was rendered against him by default, for $764,15 damages and costs of suit. From this judgment Beaubien appealed to this Court.

GILES SPRING, for the appellant.

J. YOUNG SCAMMON, for the appellee, cited 2 Sellon's Practice 363, 382, 384; Story's Pleadings, title *Error*; R. L. 64, § 3;(2) Breese 133, and cases there cited; 1 Bac. Abr. 212; 1 Cowen 199, 203; 4 Cowen 163; 9 Wendell 486; Stephen on Plead. 106.

(1) On the 4th Feb. 1837, the county of Cook was, by an act of the General Assembly, included in a new circuit, and at that date, Judge Ford ceased to be a judge of the Circuit Court.
(2) Gale's Stat. 49.

SMITH, Justice, delivered the opinion of the Court:

In this case it is assigned for error that the process was not tested in the name of a Circuit judge of this State, nor of any clerk of any Circuit Court. On inspection of the process, it appears to be tested in the name of Thomas Ford, judge of the Circuit Court of Cook county. This Court must presume this test to be true, until the contrary appears. If the individual was not judge of that Court, at the time of the emanation of the writ, this would be a fact to have been shown by evidence. The misconception of counsel, in assigning here an error in fact, for a supposed error in law, is not only irregular, but unavailing. If there had been an erroneous test, the defendant might, by motion in the Court below, have availed himself of the objection; but the record, we apprehend, cannot now be contradicted. Besides the acts of the last session of the legislature(1) have provided for the cases of the irregular tests of writs of the kind here supposed, and legalized them.

The judgment is affirmed with costs.

*Judgment affirmed.*

(1) Acts of July 1837, 51; Gale's Stat. 194.